Joseph ROSSI, Frederick Rossi, Domenic Lento and Nicholas Cucinotti

v.

McCLOSKEY and COMPANY.

Civ. A. No. 20586.

United States District Court
E. D. Pennsylvania.

June 18, 1957.

Norman Shigon, Philadelphia, Pa., for plaintiffs.

J. Dress Pannell, Lawrence D. Biele, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

This action was begun in Philadelphia Common Pleas Court No. 6 during the December Term, 1955. Upon defendant's request, plaintiffs agreed to extend the time in which the defendant might "answer or otherwise plead". Before that time had expired, but after the lapse

of the 20-day period for filing removal petitions specified in 28 U.S.C. § 1446 (b),[1] defendant petitioned this court for removal and moved, as well, for dismissal of the complaint. Thereupon plaintiffs moved to remand because defendant's petition was not timely.

Plaintiffs do not challenge the existence of diversity jurisdiction. They do contend that the agreement to extend the time within which defendant should "answer or otherwise plead" included neither a petition to remove nor any proceeding in any court other than the state court in which the suit was pending at the time of the agreement. The motions pending were stayed, by order, until hearing on and determination of the intent of the parties to this equivocal extension agreement. From the evidence at the hearing so held the court finds that the parties' minds did not meet on the questions of whether the extension granted included either a proceeding in a court other than the state court in which the suit then pended or a petition for removal. We find that plaintiffs intended only to extend the time for filing, in the state court, the defendant's answer or whatever else was a "pleading" under state practice, without thought of a removal petition. We find that the defendant intended to secure an extension to file, in any court, whatever defendant desired, including a removal petition. The contrary intentions of each were not known or communicated to the other.

We hold that the extension agreement did not grant defendant an extension of time to file a removal petition in this court and that the removal petition was not timely filed. It is unnecessary to decide whether the time for removal prescribed in 28 U.S.C. § 1446(b), with which defendant has failed to comply, is mandatory or susceptible of waiver by agreement.

1. The first paragraph of 28 U.S.C. § 1446 (b) reads:
   "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting

Order

Now, June 18, 1957, the stay of proceedings is vacated, the defendant's petition to remove is denied and plaintiffs' motion to remand is granted without prejudice to defendant's right to raise in the state court by appropriate state remedy the questions presented by defendant's motion to dismiss the complaint upon which this court does not pass.

forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."